# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
November 29, 2018

v

MIGUEL ANGEL CARDONA-SANCHEZ,

Defendant-Appellant.

No. 339804
Wayne Circuit Court
LC No. 17-000701-01-FH

Before: JANSEN, P.J., and K.F. KELLY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals of right his bench trial convictions for possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*), possession with intent to deliver alprazolam, MCL 333.7401(2)(c), and operating a vehicle without a license, MCL 257.904(3)(a). At sentencing, defendant's minimum sentencing guidelines range for the methamphetamine conviction was confirmed to be 36 to 60 months. The trial court sentenced defendant to 40 months to 20 years' imprisonment for the methamphetamine conviction, one to four years' imprisonment for the alprazolam conviction, and 93 days, time served, for operating a vehicle without a license. For the reasons set forth in this opinion, we affirm defendant's sentence.

While the facts surrounding defendant's convictions are of little consequence to the issue on appeal, they do provide the background for the trial court's rationale for imposing its sentence; hence we briefly recite those facts. On December 29, 2016 defendant was operating a motor vehicle when he was stopped by Dearborn Police officers who observed that the vehicle had a cracked windshield, a broken tail light and its license plate was covered by a tow hitch. Following the stop, officers recovered a prescription pill bottle containing 54 alprazolam (Xanax), a vial of fentanyl, a set of digital scales, two bags of methamphetamine. Police testified that the combination of drugs and scales were evidence of selling narcotics. Defendant was convicted and agreed that his minimum guideline scoring range was 36 to 60 months. Defendant was sentenced as stated above, and this appeal then ensued.

On appeal, defendant argues that the trial court erred when it failed to specifically address the proportionality of defendant's sentence and consider certain mitigating factors, such as defendant's drug abuse, illegal status, and impending deportation. This Court reviews a question of whether a sentence is proportionate to the seriousness of the offense and the offender for an abuse of discretion. *People v Skinner*, 502 Mich 89, 128; ___ NW2d ___ (2018). The trial court

-1-

abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Dixon-Bey*, 321 Mich App 490, 533; 909 NW2d 458 (2017), citing *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

MCL 769.34(10) provides that "the court of appeals shall affirm [a sentence falling within the appropriate sentencing guidelines range] and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." If a defendant does not show that either one of these exceptions applies, this Court must affirm the defendant's sentence. See *People v Jackson*, 320 Mich App 514; 907 NW2d 865 (2017) (holding that the defendant's sentence must be affirmed because it was within the appropriate guidelines range and, thus, presumptively proportionate). Defendant's minimum sentencing guidelines range was 36 to 60 months. Defendant's minimum sentence was 40 months, which is within the minimum sentencing guidelines range. Therefore, MCL 769.34(10) applies. In this case, defendant agreed to the scoring of his minimum sentencing guidelines range as correct. Defendant has not alleged on appeal that the trial court erred in scoring defendant's minimum sentencing guidelines range or relied on inaccurate information in determining defendant's sentence. Therefore, MCL 769.34(10) dictates that this Court must affirm the sentence.

On appeal, defendant does not address MCL 769.34(10). Defendant contends instead that the trial court never explicitly addressed the issue of proportionality and addressed only the reasonableness of defendant's sentence. However, only departures from the sentencing guidelines are reviewed for reasonableness and measured by proportionality. *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017); *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). The legislature has subscribed to the "principle of proportionality in establishing the statutory sentencing guidelines." *Steanhouse*, 500 Mich at 472, citing *Babcock*, 469 Mich at 263. While the Court, in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), held that the sentencing guidelines are advisory rather than mandatory, the Court affirmed its directive that the trial court must take the guidelines into account when sentencing a defendant as the guidelines "remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *Lockridge*, 498 Mich at 391. Because the legislature has subscribed to the "principle of proportionality in establishing the statutory sentencing guidelines," a sentence which falls within the appropriate guidelines range is presumed to be proportionate. *Steanhouse*, 500 Mich at 472, citing *Babcock*, 469 Mich at 263. See also *Jackson*, 320 Mich App at 527. If the trial court sentences a defendant within the appropriate sentencing guidelines range, this Court does not need to evaluate the defendant's sentence for reasonableness and must affirm the sentence unless the defendant shows that one of the exceptions in MCL 769.34(10) applies. *Anderson*, 322 Mich App at 636; *Jackson*, 320 Mich App at 527.

Consequently, defendant's contention that the trial court erred when it failed to specifically address proportionality is without merit. Rather, defendant must show that the trial court erred in scoring defendant's guidelines or relied on inaccurate information under MCL 769.34(10), but he has not shown that either of these circumstances exist. Therefore, this Court must affirm defendant's sentence.

Affirmed.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello